UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAUTICA CONDOMINIUM OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>ASPEN SPECIALTY INSURANCE COMPANY, et al.,<br><br>Defendants. | CASE NO. C15-1788JLR<br><br>CONTRIBUTION BAR ORDER |

## I. INTRODUCTION

Before the court is Defendant Discover Property & Casualty Insurance Company ("Discover") and Plaintiff Nautica Condominium Owners Association's ("Nautica") (collectively, "Moving Parties") motion for a contribution bar order and dismissal of all claims against Discover with prejudice. (Mot. (Dkt. # 75).) Defendant Commonwealth Insurance Company of America ("Commonwealth") opposes the entry of the contribution bar order as proposed by the Moving Parties. (Resp. (Dkt. # 79).) The court has

reviewed the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS the Moving Parties' motion for a contribution bar order and dismissal of all claims against Discover with prejudice.

## II. BACKGROUND & ANALYSIS

This is an insurance coverage action brought by Nautica against multiple defendants. Eight defendant insurers have been dismissed from the instant suit with no contribution bar order. (*See* Dkt. ## 7-9, 21, 23, 32, 50, 66, 71, 73.) The Moving Parties have reached a settlement of $140,000 through a mediation conducted on February 9, 2017. (Mot. at 1; *see also* Ortiz-Cotto Decl. (Dkt. # 76) ¶¶ 10-11, Ex. 8 "Settlement Agreement".) Four non-settling defendants remain. (*See* Mot. at 3.)

As part of their settlement, the Moving Parties seek an order barring any non-settling defendant from seeking contribution from Discover. (*Id.* at 1-2.) Commonwealth objects that the proposed contribution bar "does not provide any protection to the non-settling insurers" and thus must be rejected. (Resp. at 2.) If the court were to enter a contribution bar order, Commonwealth requests that the court include two provisions: (1) "offsetting any future judgment by the settlement amount"; and (2) placing any risk of the settlement being inadequate on Nautica, rather than on the non-settling defendants. (*Id.* at 3.)

A court has the "inheritable equitable authority to enter an order precluding subsequent claims for contribution and indemnity by non-settling parties." *Canal Indem.*

---

[1] Neither party requests oral argument, and the court finds that oral argument would not be helpful to its disposition of the motion. See Local Rules W.D. Wash. LCR 7(b)(4).

*Co. v. Glob. Dev., LLC*, C14-0823RSM, 2015 WL 347753, at *3 (W.D. Wash. Jan. 26, 2015). Contribution bar orders are "consistent with the public policy in Washington of encouraging settlement." *Puget Sound Energy v. Certain Underwriters at Lloyd's*, 138 P.3d 1068, 1079 (Wash. Ct. App. 2006). Without such orders:

> Any single defendant who refuses to settle, for whatever reason, forces all others to trial. Anyone foolish enough to settle without barring contribution is ... allowing the total damages from which their ultimate share will be derived to be determined in a trial where they are not even represented.

*Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (quoting *In re Nucorp Energy Sec. Litig.*, 661 F. Supp. 1403, 1408 (S.D. Cal. 1987)).

However, the public policy favoring settlement and the expeditious resolution of disputes must be balanced against the need for factual fairness and the correct application of legal principles. *See Bank of Am. v. Travelers Indem. Co.*, C07-0322RSL, 2009 WL 529227, at *1 (W.D. Wash. Mar. 2, 2009). Thus, in considering whether a contribution bar is appropriate, the court requires that (1) the proposed settlement is reasonable, and (2) the interests of the non-settling defendants are protected. *See Canal Indem. Co.*, 2015 WL 347753, at *3.

The parties agree that the proposed settlement is reasonable. (Mot. at 14; Resp. at 2 ("Commonwealth does not generally object to the reasonableness of the settlement amount[.]"); Nautica Reply (Dkt. # 81) at 3; Discover Reply (Dkt. # 82) at 2.) But the parties disagree over whether the contribution bar order, as requested, would adequately protect Commonwealth's interests. (*Compare* Mot. at 14-15, *with* Resp. at 2-6.)

//

"There is no single formula for determining whether non-settling parties' rights are protected when a bar order is entered." *Canal Indem. Co.*, 2015 WL 347753, at *3. But the prospect that the non-settling defendant may face greater financial exposure if it is barred from seeking contribution does not, in itself, render a bar order inappropriate. *King Cty. v. Travelers Indem. Co.*, C14-1957BJR, 2017 WL 785186, at *3 (W.D. Wash. Mar. 1, 2017).[2] Courts have recognized a variety of ways to protect the non-settling parties' rights. A non-settling defendant can be protected by its retention of the right to litigate coverage defenses, which if successful, may end up excusing that party from paying anything. *Canal Indem. Co.*, 2015 WL 347753, at *4. Moreover, a non-settling defendant may be protected if the contribution bar leaves open the possibility for it to seek a future determination relating to the percentage of its liability or forcing the plaintiff to absorb the loss resulting from an inadequate settlement. *Id.* Or, the non-settling defendant may be protected by its ability to seek contribution from additional sources. For example, in *King County v. Travelers Indemnity Co.*, the court concluded that the non-settling defendants' rights were adequately protected because there were several remaining defendants from whom contribution could be sought. 2017 WL 785186, at *3.

//

---

[2] Commonwealth argues that *King County* is inapposite because the plaintiff there had not asserted any direct claims against the settling party. (Resp. at 5 n.8.) The court disagrees. Although Commonwealth correctly recognizes the factual distinction, the *King County* court did not rely on this fact in the majority of its reasoning. *See* 2017 WL 785186, at *2-3; (*see also* Discover Reply at 2.) Thus, the court will still rely on the portions of the opinion that were not predicated on the factual distinction recognized by Commonwealth.

Here, the court concludes that Commonwealth's interests as a non-settling defendant are sufficiently protected. First, Commonwealth retains its right to seek coverage defenses, and if successful, Commonwealth would avoid payment obligations altogether. *See Canal Indem. Co.*, 2015 WL 347753, at *5; (*see also* Resp. at 3-4.) Moreover, the contribution bar order leaves open the possibility that Nautica will absorb any resulting shortfall from the settlement. *See id.* Thus, if Commonwealth does not prevail on its defenses, it is free to seek a determination relating to the percentage of its liability or to attempt to force Nautica to bear the burden of the inadequate settlement. *See id.*; *see also Cadet Mfg. Co. v. Am. Ins. Co.*, C04-5311FDB, 2006 WL 910000, at *2 (W.D. Wash. Apr. 7, 2006). Lastly, Commonwealth is free to seek contribution from the remaining non-settling defendants or the many defendants who do not have a contribution bar order in place. *See King Cty.*, 2017 WL 785186, at *3. Commonwealth does not contend otherwise. (*See generally* Resp.) Thus, the court finds that Commonwealth's interests are adequately protected.

Commonwealth contends that two provisions must be added to sufficiently protect its rights as a non-settling defendant: first, that the settlement amount be offset from any award of damages at trial, and second, that any risk of an inadequate settlement be placed on Nautica. (Resp. at 5-6.) Commonwealth seems to believe that these two provisions "must" be in every contribution bar order. (*See id.*) The court disagrees.

Commonwealth's first argument that "any bar order must be conditioned on a deduction of the settlement amount from any future judgment" is inaccurate. (*See id.* at 6.) Although some contribution bar orders include an offset provision, *see Canal Indem.*

*Co.*, 2015 WL 347753 at *5, other bar orders do not, *see, e.g., King Cty.*, 2017 WL 785186, at *3-4. Indeed, Commonwealth relies on a case where offset was considered but ultimately rejected. (*See* Resp. at 5-6); *Puget Sound Energy*, 138 P.3d at 1079. In *Puget Sound Energy*, the court determined that offset was unworkable at the time of the contribution bar order because it was unclear how much of the settlement amount was allocated to the claims at issue. 138 P.3d at 1079. Thus, it was sufficient to reserve the offset issue for post-trial motions, where the non-settling defendant would carry the burden of establishing what part of the settlement was attributable to the claim that it seeks to offset. *See id.* at 1069; *see also Puget Sound Energy, Inc. v. Alba Gen. Ins. Co.*, 68 P.3d 1061, 1064 (Wash. 2003).

    The same is true here. As Nautica points out, the settlement payment by Discover covers not only the insurance claim, but also extra-contractual damages as well as various costs and fees. (*See* Nautica Reply at 6; *see also* Settlement Agreement at 1.) Thus, as in *Puget Sound Energy*, offset at this point is inappropriate because "nobody knows how much of [the] settlement is allocated to the [coverage] claims . . . . Thus, it would be impossible to determine by how much [Commonwealth's] liabilities should be reduced."[3] 138 P.3d at 1079. Instead, if a judgment is entered against Commonwealth, it will have

---

[3] Moreover, the court recognizes that the Ninth Circuit, in the context of a securities action, rejected the use of offset in a contribution bar order as a way to protect non-settling parties' interests. *Franklin*, 884 F.2d at 1230. Neither party addresses this portion of *Franklin*. (*See* Mot.; Resp.) Because the court concludes that Commonwealth is adequately protected by its opportunity to bring post-trial motions seeking offset, the court does not determine whether the reasoning in *Franklin* extends to insurance coverage actions, or whether *Franklin* determines that offset should not be utilized in contribution bar orders.

the opportunity to seek an offset via post-trial motions. *See id.* Such an opportunity is sufficient to protect Commonwealth's rights. *See id.* at 1069 (holding that the non-settling party's rights were protected "insofar as it had the opportunity to prove it was entitled to a setoff").

The court additionally disagrees with Commonwealth's second contention that Nautica, as the plaintiff, must bear the consequence of an inadequate settlement. (*See* Resp. at 6 ("A contribution bar also must require that the plaintiff bear the consequence of any underpayment.").) As was the case with the offset provision, not every contribution bar order places the risk of underpayment on the plaintiff. *See, e.g., Canal Indem. Co.*, 2015 WL 347753 at *5, *7. Again, *Puget Sound Energy* is instructive. There, the court declined to determine whether the loss of an inadequate settlement would sit with the plaintiff or the non-settling defendants; instead, the non-settling defendants were adequately protected by the provision that "plaintiff is not thereby protected from being the party that will bear the loss should the settlement be inadequate." 138 P.3d at 1078. The court concludes the same here: the court declines, as Commonwealth requests, to affirmatively place the risk of inadequate settlement on Nautica, but it notes that Nautica is not protected from bearing such a loss should Commonwealth choose to pursue such an argument in the appropriate post-trial motions.[4] *See Cadet Mfg. Co.*,

---

[4] For this reason, this contribution bar order is distinguishable from the one considered in *Bank of America*, where the court declined to issue a contribution bar order because no safeguards were in place to protect the non-settling defendants. (*See* Resp. at 4-5 (citing *Bank of Am.*, 2009 WL 529227 at *2).) Here, one of the safeguards recognized by *Bank of America* is present: that the plaintiff is not protected from having to bear the loss should the settlement be

2006 WL 910000, at *2 (preserving the right of the non-settling defendant to argue post-trial that the settling defendant underpaid and that the plaintiff should absorb the difference).

In short, the court disagrees with Commonwealth that the two provisions it seeks must be included in the contribution bar order. Instead, Commonwealth's interests as a non-settling insurer are adequately protected by its right to bring coverage defenses, its ability to seek contribution from other defendants, and the opportunity post-trial to seek offset and have Nautica absorb the difference resulting from any potential underpayment.

### III. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1) Discover and Nautica's joint motion for a contribution bar order (Dkt. # 75) is GRANTED.

2) All claims that non-settling insurance carriers may have against Discover Property & Casualty Insurance Company for contribution, equitable contribution, subrogation, indemnity, or any other claim or recovery arising from policies of insurance issued by Discover Property & Casualty Insurance Company are BARRED with respect to claims and damages (including, but not limited to, indemnity damages, subrogation, settlement amounts, judgments, and/or fees and costs) arising out of the claims by Nautica Condominium

---

inadequate. *See Bank of Am.*, 2009 WL 529227 at *2 (citing *Puget Sound Energy*, 138 P.3d at 1078).

Owners Association either in the insurance claim that preceded this suit or arising out of or related to the claims in the instant suit.

3) All claims against Discover Property & Casualty Insurance Company are DISMISSED with prejudice and without fees or costs to any party.

Dated this 2nd day of January, 2018.

JAMES L. ROBART
United States District Judge